```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
         ASHEVILLE DIVISION
         1:17-cv-00344-FDW
```

| | |
|---|---|
| TERRANCE JAVARR ROSS, ) | |
| *aka* TERRENCE JAVARR ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MIKE SLAGLE, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Terrance Javarr Ross's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court are Petitioner's Motion for Leave to Conduct Discovery (Doc. No. 5), Motion for Appointment of Counsel (Doc. No. 6), Amended Motion for Leave to Conduct Discovery (Doc. No. 7), and Motion for Leave to Compel Discovery (Doc. No. 8).

### I.  PROCEDURAL HISTORY

Petitioner is a prisoner of the State of North Carolina who, on August 5, 2014, entered an Alford plea of guilty in Cleveland County Superior Court, to two counts of possession of a firearm by a convicted felon. See State v. Ross, 794 S.E.2d 289, 290 (N.C. 2016). In accordance with Petitioner's plea agreement with the State, the trial court consolidated the convictions for sentencing and sentenced Petitioner to 24–29 months in prison, to run at the expiration of any sentence being served. See id.

Petitioner entered a notice of appeal the same day he entered his guilty plea. Id. at 291. Ten days later, on August 15, 2014, he filed a pro se motion for appropriate relief ("MAR") in

the trial court, arguing that the court lacked personal and subject matter jurisdiction over the case. Id. In an order filed August 20, 2014, the trial court denied Petitioner's MAR. Id. On February 27, 2015, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the trial court's denial of his MAR.

In an unpublished opinion entered on August 4, 2015, the state court of appeals dismissed Petitioner's direct appeal because he had no right of appeal from the trial court's acceptance of his guilty plea. State v. Ross, 776 S.E.2d 897, 2015 WL 4620517 (N.C. Ct. App. 2015), rev'd on other grounds, 794 S.E.2d 289 (N.C. 2016). Although neither party had briefed the issue, the court allowed Petitioner's petition for writ of certiorari to review the question of whether he entered his guilty plea voluntarily and knowingly. Ross, 794 S.E.2d at 291. After reviewing the plea hearing transcript, the court held that Petitioner conditioned his plea on the appealability of a non-appealable issue, and that the plea, therefore, "was not entered knowingly and voluntarily." Id. at 292 (quoting Ross, 2015 WL 4620517, at *2). The appellate court vacated the trial court's judgment and remanded for further proceedings. Id. The North Carolina Supreme Court allowed the State's petition for discretionary review and, in an opinion issued on December 21, 2016, reversed the decision of the lower court. Id. at 293.

Petitioner filed the instant § 2254 Petition on December 12, 2017, when he signed it under penalty of perjury and placed it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988). He raises a single ground for relief – that he was denied his right to due process when the trial court failed to dismiss the two firearm possession charges after the State violated the provisions of N.C. Gen. Stat. § 15A-711. (§ 2254 Pet. 7, Doc. No. 1.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United

2

States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. This Petition may be adjudicated on the record before the Court; no answer is required of Respondent.

### III. DISCUSSION

According to the Petition, on October 14, 2010, while Petitioner was incarcerated in another county on unrelated charges, he filed a motion under § 15A–711(c) in Cleveland Count Superior Court to proceed with the possession of firearms charges. (§ 2254 Pet. 7.) Section 15A–711 provides the procedures for securing attendance at hearings and trials of criminal defendants who are incarcerated in institutions within the State. Subsection 15A-711(c) provides that "[a] defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him" may file a written request "with the clerk of the court where the other charges are pending" to "require the prosecutor prosecuting such charges to proceed pursuant to this section." § 15A–711(c) (2015). The defendant also must serve the prosecutor with the request, and "[i]f the prosecutor does not proceed pursuant to [§ 15A–711](a) within six months from the date the request is filed with the clerk, the charges must be dismissed." Id. Petitioner alleges he was not brought back to Cleveland County on the firearms possession charges until his plea hearing on August 5, 2014; that he notified the trial judge of the State's failure to comply with § 15A–711(c); and that the judge asked no questions of either side, made no findings on the issue, and did not dismiss the charges. (§ 2254 Pet. 7.)

Petitioner contends the North Carolina legislature created a liberty interest under the due process clause when it enacted § 15A–711(c). He claims the State's failure to comply with the

3

requirements of § 15A–711(c) mandated that the charges against him be dismissed, and that the trial court's failure to dismiss the charges violated his right to due process. (§ 2254 Pet. 7.)

Petitioner has failed to exhaust this claim in the state courts. Under the Antiterrorism and Effective Death Penalty Act of 1986, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

"The purpose of the exhaustion requirement is to 'giv[e] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010)). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson, 855 F.3d at 283 (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones, 591 F.3d at 713 (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)).

Habeas relief under § 2254 is limited to those in custody "in violation of the Constitution or laws or treaties of the United States." § 2254(a). Claims alleging only violations of state law

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

may not form the basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, to fairly exhaust a federal constitutional claim in the state courts, a petitioner must include a reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle him to relief, in his state court proceedings. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "[T]he presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." Baker, 220 F.3d at 289 (citing Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam)).

Petitioner raised the § 15A–711(c) issue in his August 15, 2014 MAR, arguing that because the State failed to proceed as required by § 15A–711(c) after his written request that it do so, the charges against him should have been dismissed. See Ross, 794 S.E.2d at 291. Whether Petitioner also argued that he had a liberty interest in the correct application of § 15A–711(c) such that the State's failure to abide by its provisions violated his federal due process rights is unknown as there is no copy of the MAR, or order denying it, in the record before this Court.

The docket does, however, include a copy of Petitioner's brief in support of his February 2015 petition for writ of certiorari. (Def.-Appellant Br., State v. Ross, No. COA15-87 (N.C. Ct. App. filed Feb. 27, 2015), Doc. No. 1-2 at 17-40). Nowhere in that document does Petitioner raise a claim in federal constitutional terms; he argues for relief based only on state law. Indeed, nothing in the brief even hints that Petitioner is raising a federal due process claim in addition to a claim under state law. Notably, the State's response to the certiorari petition addresses the claim only on state law and procedural grounds. See State's Resp. to Pet. for Writ of Cert., State v. Ross, No. COA15-87, 2015 WL 1500854, at *19-*37 (N.C. Ct. App. filed Mar. 27, 2015).

Exhaustion requires a prisoner to present his federal claim to all appropriate state courts,

5

including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845. Thus, even if Petitioner argued in his MAR that he had a liberty interest in the correct application of § 15A–711(c) that implicated his federal due process rights, he, nevertheless, has failed to exhaust that claim here as he did not raise it in the North Carolina Court of Appeals.[2] See id. Accordingly, his § 2254 Petition shall be dismissed as unexhausted.

**IT IS, THEREFORE, ORDERED** that:

1. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as unexhausted under 28 U.S.C. § 2254(b)(1);

2. Petitioner's Motion for Leave to Conduct Discovery (Doc. No. 5), Motion for Appointment of Counsel (Doc. No. 6), Amended Motion for Leave to Conduct Discovery (Doc. No. 7), and Motion for Leave to Compel Discovery (Doc. No. 8) are **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484

---

[2] The court of appeals granted Petitioner's petition for writ of certiorari only on the issue of whether his plea was knowing and voluntary, and not on either issue raised in the petition. See Ross, 794 S.E.2d at 293. Therefore, neither issue raised in the certiorari petition, including the § 15A–711(c) issue, survived that court's decision to allow the writ for the limited purpose of considering the voluntariness of Petitioner's guilty plea. See id. According to the North Carolina Supreme Court, Petitioner "did not appeal the trial court's denial of his motion for appropriate relief; he [was] not entitled to appeal his guilty plea; [and] if he did file a section 15A–711 motion, any challenge to the failure to grant it did not survive his guilty plea." Id.

(2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: May 28, 2018

Frank D. Whitney
Chief United States District Judge