UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00344-FDW

| TERRANCE JAVARR ROSS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MIKE SLAGLE, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and Rule 60(b)(2). (Doc. No. 13.) Also before the Court are Petitioner's supplemental Rule 60(b) Motions. (Doc. Nos. 14, 15.)

I. **RELEVANT PROCEDURAL HISTORY**

Petitioner is a prisoner of the State of North Carolina who, on August 5, 2014, entered an Alford plea of guilty in Cleveland County Superior Court, to two counts of possession of a firearm by a convicted felon. See State v. Ross, 794 S.E.2d 289, 290 (N.C. 2016). In accordance with Petitioner's plea agreement with the State, the trial court consolidated the convictions for sentencing and sentenced Petitioner to 24–29 months in prison, to run at the expiration of any sentence being served. See id.

Petitioner entered a notice of appeal the same day he entered his guilty plea. Id. at 291. Ten days later, on August 15, 2014, he filed a pro se motion for appropriate relief ("MAR") in the trial court, arguing that the court lacked personal and subject matter jurisdiction over the case. Id. In an order filed August 20, 2014, the trial court denied Petitioner's MAR. Id. On February 27, 2015, Petitioner filed a petition for writ of certiorari in the North Carolina Court of

1

Appeals, seeking review of the trial court's denial of his MAR.

In an unpublished opinion entered on August 4, 2015, the state court of appeals dismissed Petitioner's direct appeal because he had no right of appeal from the trial court's acceptance of his guilty plea. State v. Ross, 776 S.E.2d 897, 2015 WL 4620517 (N.C. Ct. App. 2015), rev'd on other grounds, 794 S.E.2d 289 (N.C. 2016). Although neither party had briefed the issue, the court allowed Petitioner's certiorari petition to review the question of whether he entered his guilty plea knowingly and voluntarily. Ross, 794 S.E.2d at 291. After reviewing the plea hearing transcript, the court held that Petitioner conditioned his plea on the appealability of a non-appealable issue, and that the plea, therefore, "was not entered knowingly and voluntarily." Id. at 292 (quoting Ross, 2015 WL 4620517, at *2). The appellate court vacated the trial court's judgment and remanded for further proceedings. Id. The North Carolina Supreme Court allowed the State's petition for discretionary review and, in an opinion issued on December 21, 2016, reversed the lower court's decision that the plea was not voluntary. Id. at 293.

Petitioner filed a § 2254 Petition on December 12, 2017, raising a single ground for relief -- that he was denied his right to due process when the trial court failed to dismiss the two firearm possession charges after the State violated the provisions of N.C. Gen. Stat. § 15A-711. (§ 2254 Pet. 7, Doc. No. 1.) This Court entered an Order on May 29, 2018, dismissing the Petition as unexhausted. (Doc. No. 10.)

Petitioner has filed a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment on the grounds that he exhausted his due process claim after this Court dismissed his § 2254 Petition and discovered new evidence to support the claim ("Rule 60(b) Mot. I"). (Doc. No. 13.) Since then, he has filed two amendments to Rule 60(b) Mot. I, adding what he asserts is more newly discovered evidence

2

supporting his due process claim ("Rule 60(b) Mot. II," "Rule 60(b) Mot. III").  (Doc. Nos. 14, 15.)

## II. DISCUSSION

Rule 60(b) permits a party to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  To obtain Rule 60(b) relief, a movant must first demonstrate that he has moved in a timely fashion, that he has a meritorious defense to the judgment, and that the opposing party would not be unfairly prejudiced if the judgment is vacated.  See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)).  Thereafter, the movant must show relief from judgment is warranted under one of the six circumstances set out in Rule 60(b).  Petitioner contends he is entitled to relief from this Court's judgment pursuant to Rule 60(b)(1) -- mistake, inadvertence, surprise, or excusable neglect – and Rule 60(b)(2) -- newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).  (Rule 60(b) Mot. I at 4, Doc. No. 13.)

### A. Rule 60(b) Threshold Requirements

The Court finds Petitioner's Rule 60(b) I Motion has met the threshold requirement for timeliness, as he filed it less than six months after the Court entered judgment in this action.  The Court also finds that Respondent would not be unfairly prejudiced if the judgment is vacated, as the Court entered judgment sua sponte and has never ordered that Respondent be served in this action.

The Court finds that Petitioner has not demonstrated that he has a meritorious defense to the judgment, however.  The meritorious defense requirement ensures that granting relief from

3

the judgment under Rule 60(b) would not "in the end [be] a futile gesture." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir.1990). To establish the existence of a meritorious defense, a party must present or proffer "evidence, which, if believed, would permit . . . the Court . . . to find for the [moving] party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

1. **Exhaustion of State Remedies**

To recap, Petitioner claimed in his § 2254 Petition that he was denied his right to due process when the trial court failed to dismiss the two firearm possession charges after the State violated the provisions of N.C. Gen. Stat. § 15A-711. (§ 2254 Pet. 7.) This Court dismissed the Petition because Petitioner had not exhausted his due process claim in the state courts before filing his § 2254 Petition. (Doc. No. 10.)

Petitioner offers two defenses to the judgment. First, Petitioner asserts that after the Court entered its judgment, he pursued and exhausted his state remedies. Specifically, Petitioner asserts that on June 28, 2018, he filed a motion for appropriate relief ("MAR") in the Cleveland County Superior Court raising the claim previously dismissed by this Court as unexhausted. (Rule 60(b) Mot. I at 3.) He has attached documents demonstrating that the MAR was denied on July 10, 2018, and that his subsequent petition for writ of certiorari seeking review of that denial was dismissed by the North Carolina Court of Appeals on October 1, 2018, for failure to comply with North Carolina Rule of Appellate Procedure 21(c). (Rule 60(b) Mot. I at 3, 19-21, 25.)

This is not a meritorious defense to the Court's judgment for two reasons. One, under the Antiterrorism and Effective Death Penalty Act of 1986, a petitioner generally must exhaust his available state remedies *before* he may pursue habeas relief in federal district court. 28 U.S.C. §

2254(b)(1)(A).[1] Evidence that Petitioner exhausted his state remedies *after* the Court entered its judgment, would not permit the Court to find that he had exhausted his state remedies when he filed his § 2254 Petition. On the other hand, evidence that the Court erred in concluding that Petitioner had not exhausted his due process claim prior to filing his § 2254 Petition would constitute a meritorious defense to the judgment.

Next, Petitioner's own evidence demonstrates that he did not fully exhaust his due process claim in the state courts before filing Rule 60(b) Mot. 1. Exhaustion requires a prisoner to present his federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). As Petitioner correctly notes, in North Carolina, a noncapital inmate may exhaust his federal constitutional claim by raising it first in the trial court by way of a post-conviction motion for relief and then in a petition for writ of certiorari in the North Carolina Court of Appeals. See N.C. Gen. Stat. § 7A-28. Petitioner's certiorari petition raising his due process claim was dismissed by the North Carolina Court of Appeals because he did not attach adequate supporting documents as required by North Carolina Rule of Appellate Procedure 21(c). (Rule 60(b) Mot. I at 25.) Consequently, Petitioner failed to exhaust his due process claim because it was never properly presented to the North Carolina Court of Appeals. See Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) ("Meaningful exhaustion is that which accords with the state's chosen procedural scheme. Indeed, the exhaustion provisions in Title 28 presuppose the presentation of

---

[1] There are exceptions to this general rule, which do not apply here. See 28 U.S.C. § 2254(b)(1)(B) (outlining statutory exceptions to the exhaustion rule); Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (stating that a prisoner concerned about the possible effects of his state postconviction filings on the habeas statute of limitations may file a timely "protective" petition in federal court, and request that it be held in abeyance pending the exhaustion of state remedies).

5

claims in accordance with nonfutile state procedures." (citing 28 U.S.C. § 2254(c))).

### 2. Discovery of New Evidence

Petitioner's second defense to the Court's judgment is that he has newly discovered evidence that supports his due process claim. Petitioner's discovery of new evidence supporting the merits of his due process claim is not a meritorious defense to the Court's judgment that Petitioner failed to exhaust his due process claim before filing his § 2254 Petition. In other words, Petitioner's newly discovered evidence would not permit the Court to find that Petitioner exhausted his due process claim before he filed his § 2254 Petition. See Moradi, 673 F.2d at 727.

### B. Futility

As noted, the purpose of the meritorious defense requirement is to ensure that granting relief from the judgment under Rule 60(b) would not "in the end [be] a futile gesture." Boyd, 905 F.2d at 769. Relief from judgment in this instance would be a futile gesture.

Petitioner claims in his § 2254 Petition that the North Carolina legislature created a protected liberty interest under the due process clause when it enacted N.C. Gen. Stat. § 15A–711(c). That statute provides that "[a] defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him" may file a written request "with the clerk of the court where the other charges are pending" to "require the prosecutor prosecuting such charges to proceed pursuant to this section." § 15A–711(c) (2015). "If the prosecutor does not proceed . . . within six months from the date the request is filed with the clerk, the charges must be dismissed." Id. According to the Petition, on October 14, 2010, while he was incarcerated in another county on unrelated charges, Petitioner filed a § 15A–711(c) motion to proceed with the possession of firearms charges in the Cleveland

County Superior Court. (§ 2254 Pet. 7.) Petitioner alleges he was not brought back to Cleveland County on the firearms possession charges until his plea hearing on August 5, 2014; that he notified the trial judge of the State's failure to comply with § 15A–711(c); and that the judge asked no questions of either side, made no findings on the issue, and did not dismiss the charges.[2] (§ 2254 Pet. 7.) Petitioner claims the trial court's failure to dismiss the firearms charges in the face of the State's violation of § 15A–711, violated his right to due process. (§ 2254 Pet. 7.)

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Fitzgerald, 820 F.3d 107, 110 (4th Cir. 2016) ("It is the general rule that when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." (alterations and internal quotation marks omitted)). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." Id. Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294–95 (4th Cir. 1992).

The North Carolina Supreme Court held that Petitioner, who was represented by counsel, entered his guilty plea to the two felony gun possession charges "knowingly and voluntarily." Ross, 794 S.E.2d at 293. The court also held that "if [defendant] did file a section 15A–711

---

[2] The North Carolina Supreme Court provides a more accurate recitation of how the § 15A–711 issue was addressed at the plea hearing. See Ross, 794 S.E.2d at 290-291.

motion, any challenge to the failure to grant it did not survive his guilty plea." Id. Petitioner does not allege that his guilty plea was not knowing and voluntary. As such, he may not obtain habeas review of his due process claim, as the alleged violation of that right arose before he entered his plea. See, e.g., Tollett, 411 U.S. at 267. Consequently, relief from judgment in this action would be a futile gesture. See Boyd, 905 F.2d at 769.

### C. Rule 60(b) Motions II & III

These motions seek to add more of what Petitioner characterizes as newly discovered evidence to Rule 60(b) Mot. I. The Court is denying that Motion, in part, because the discovery of new evidence supporting the substance of Petitioner's due process claim is not a meritorious defense to the Court's judgement dismissing the claim on procedural grounds. See Moradi, 673 F.2d at 727. Consequently, Rule 60(b) Mot. II and Rule 60(b) Mot. III are moot, and shall be dismissed as such.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), and 60(b)(2) (Doc. No. 13) is **DENIED**; and

2. Petitioner's Rule 60(b) Motion II (Doc. No. 14) and Rule 60(b) Motion III (Doc. No. 15) are **DISMISSED** as moot.

Signed: September 7, 2019

Frank D. Whitney
Chief United States District Judge